UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DUSHAWN WRIGHT,<br><br>　　　　Petitioner,<br>v.<br><br>LYNN DINGLE, Warden,<br><br>　　　　Respondent. | Civil No. 07-1910 (PAM/JSM)<br><br>**REPORT AND RECOMMENDATION** |

　　Petitioner commenced this action by filing an application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

　　The Court previously ordered the named Respondent to file a written answer to Petitioner's habeas corpus petition, and Respondent has done so. In that answer, (Docket No. 5), Respondent contends that Petitioner failed to exhaust his state court remedies for three of the five claims listed in his habeas corpus petition. Petitioner later filed a reply to Respondent's answer, (Docket No. 8), in which he acknowledges that he did indeed fail to fully exhaust his state court remedies with regard to some of the claims listed in his petition. Petitioner has asked the Court to dismiss his current petition, without prejudice, so he can return to the state courts and exhaust his state court remedies with regard to his presently unexhausted claims.

　　Normally, when a state prisoner files a federal habeas corpus petition without first exhausting his state court remedies for all of his claims, his petition can be dismissed without prejudice, so that he can attempt to exhaust his state court remedies, and then

return to federal court, (if necessary).  See Rose v. Lundy, 455 U.S. 509, 520 (1982) (prisoners who file habeas corpus petitions that include unexhausted claims should be allowed to return to the state courts so they can try to satisfy the exhaustion requirement for all of their claims).  Furthermore, Respondent has not opposed Petitioner's request for a voluntary dismissal of his current petition.  Therefore, the Court will recommend that Petitioner's request for voluntary dismissal be granted, and that this action be dismissed without prejudice.

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**

1.  Petitioner's request to voluntarily dismiss his habeas corpus petition, (Docket No. 8), be granted; and

2.  This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: October 23, 2007

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by November 13, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.